Fletchee, J.
The first item is a sum of $5,000, the facts in regard to which are briefly these.
Mr. Hewes, in his lifetime, made a contract with one Nathan Wheeler, to sell him a certain real estate in Boston. Mr. Hewes made a bond to convey; and Wheeler gave an obligation to take the estate and pay the purchase money at a time stipulated. Mr. Hewes also made a deed of the estate to Wheeler, which was duly acknowledged.
Before the time for the payment of the money, Mr. Hewes deceased. When the time arrived, Mr. Wheeler paid to Cunningham, the executor, the sum of $5,000, according to his obligation, and Cunningham delivered to him the deed which had been duly executed and acknowledged by Hewes; Wheeler has since sold the estate.
Against charging the executor with this sum, it was argued, that the deed of Hewes, thus delivered after his decease, passed no title, and that the land still belonged to the estate, but that the money did not. On the other side, it .was insisted that the deed, when made, was delivered to Cunningham as an escrow, and, when delivered after the death of Hewes, on the payment of the money, took effect from the time of the first delivery.
There was some evidence tending to show such a delivery as an escrow, and perhaps the circumstances might warrant such an inference ; but, without settling that point fully, the court think that, as the executor received the money on a personal obligation belonging to the estate, he is bound to account for the money to the estate.
Now, as to the salary paid by the city. It was said, in *89 behalf of the executor, that this sum was merely a gratuity and was not estate left by the deceased. But it was paid to the executor as the representative of Mr. Hewes, and to be held and accounted for by him, as belonging to the estate of Mr. Hewes. There was, surely, no intention to give it to the executor in his own right, and for his own personal benefit.
Report of the master accepted and affirmed, cmd judgment accordingly.